H. S. KRONCK, Appellant, v. STORM & FARISH, Gar-
nishees of CATHERINE STILLMAN, Respondent.

St. Louis Court of Appeals, March 18, 1902.

**Garnishment:** DISCRETION OF COURT IN OVERRULING MOTION
TO REINSTATE CAUSE: AFFIDAVITS: PRACTICE, APPEL-
LATE: PRACTICE, TRIAL. In the case at bar, in view of the
affidavits and counter-affidavits which were before the circuit court,
the appellate court will not say that the circuit court acted unju-
dicially or unjustly in overruling appellant's motion to re-instate
the garnishment proceedings.

Appeal from St. Louis City Circuit Court.—*Hon. John A.
Talty,* Judge.

AFFIRMED.

*H. S. Kronck* for appellant.

No brief for respondent.

GOODE, J.—We are asked to review, on this appeal, the
action of the circuit court in the cause above entitled in refus-
ing to set aside its order discharging the garnishees and rein-
state the garnishment proceeding, on the ground that said
court harshly and unjustly exercised its discretion in the mat-
ter.

Appellant Kronck instituted an attachment action against
Catherine Stillman, in August, 1900, and had the firm of
Storm & Farish garnished, the writ being returnable to the
October term. At the March term, 1901, of the circuit court,

said garnishees filed a motion to be discharged because no interrogatories had been exhibited by the plaintiff in the attachment case, and this motion was sustained. Kronck afterwards moved to set aside that ruling, and in support of his motion submitted his own affidavit in which he stated that on or about the seventh day of March, 1901, he had presented interrogatories to the garnishees, that they answered them, subscribed the answer, delivered it and the interrogatories to Kronck to be filed, that he (Kronck) delivered them to the circuit clerk and that the same were among the files in the attachment case when it was tried, but were never filed.

In opposition to the motion, the affidavits of Chester H. Krum, and Henry Baer, the clerk of the court, were filed. Krum swore that to his personal knowledge no such interrogatories and answers were placed among the papers in the attachment suit, nor filed therein, or in the garnishment proceeding, and Baer swore that Kronck never left any interrogatories or the answers thereto with him to be filed or otherwise disposed of.

These are the only affidavits contained or called for in the bill of exceptions, although it seems Kronck submitted another one afterwards. The circuit court overruled the motion to reinstate the garnishment, on the third day of April, and plaintiff excepted. On the thirty-first day of May, he filed another motion to have the order overruling his first motion set aside but that second motion is not called for in the bill of exceptions, nor was any exception saved to the ruling of the court on it so far as the record shows.

In view of the affidavits which were before the circuit court, it is out of the question for us to say it acted unjudicially or unjustly in overruling appellant's motion to reinstate the garnishment proceeding. The clerk swore positively no interrogatories or answer had ever been delivered to him by Kronck. The statement of that officer was corroborated by Judge Krum's affidavit. The court doubtless be-

lieved those affidavits and for that reason refused the application to reinstate.

The judgment is affirmed. *Bland, P. J.,* concurs; *Barclay, J.* not sitting.